McKenzie v. Sifford.

New Trial—Supreme Court—Remittitur.—This Court will not recall
a remittitur sending down a judgment granting a new trial, after such
trial had been had and appeal therefrom, for the purpose of moving
for a new trial on after-discovered evidence.

Motion to recall remittitur.

*Messrs. Wm. B. McCaw* and *L. W. Perrin,* for the motion.

*Mr. Geo. W. S. Hart,* contra.

April 20, 1898. Per Curiam. This was a motion on
the part of plaintiff, notice of which was served on the 1st
day of January, 1898, upon the defendants, "to recall the
remittitur, and for leave to file a petition for rehearing on
the single point adjudicated in the appeal from the decree
of Judge Ernest Gary." The motion was heard on the 6th
of January, 1898, and was refused in a short order then
passed, in which it was stated that the Court would subse-
quently file its opinion, stating the reasons for refusing the
motion.

For a proper understanding of the matter, it will be neces-
sary to state that it appears from the records of this Court,
and from the motion papers, that the motion was made in
one of several cases between these same parties, to wit: in
the action to cancel the paper called a "Covenant," binding
the plaintiff to release her dower in the real estate of her
husband. That action was heard by his Honor, Judge Er-
nest Gary, from whose decree defendants appealed. That
appeal has been heard, and the judgment of this Court, re-
versing the same and remanding the case to the Circuit
Court for a new trial, was rendered 12th of March, 1897, 48
S. C., 458. In pursuance of that judgment, the case has
been heard in the Circuit Court by his Honor, Judge Bu-
chanan, who has rendered his decree in favor of the plaintiff,
from which judgment the defendants have appealed, and

that appeal is now pending in this Court—that is to say, it was pending when this motion was heard and determined; though it has since been heard and determined, and the judgment of this Court has been filed, to wit: on the 24th of March, 1898, modifying the judgment rendered by Judge Buchanan. This being the attitude of the case, it is proposed that this Court shall now recall the remittitur sent down nearly a year ago, under which a new trial has been had in the Circuit Court, a judgment rendered, and an appeal taken from such judgment, for the purpose of allowing the plaintiff to file a petition for a rehearing of the appeal from the judgment of Judge Ernest Gary, long after that judgment had been reversed and a new trial ordered, which has been had. Such a proposition, to say the least of it, is very unusual—not to say extraordinary—and cannot be sustained either by reason or authority. On the contrary, the case of *Ex parte Dunnovant*, 16 S. C., 299, is directly in conflict with the proposition. See, also, *Ex parte Knox*, 17 S. C., 207. The real object of the plaintiff, as we gather from the papers submitted and from the argument of counsel, upon the hearing of the motion, was to obtain a new trial upon the ground of after-discovered evidence. It has been repeatedly held that this Court has no jurisdiction to grant such a motion. The most that it has ever undertaken to do is to suspend an appeal, with a view to allow a party to move before the Circuit Court for a new trial upon the ground of after-discovered evidence, when a sufficient *prima facie* showing, for that purpose, is made. But in this case no such application was made to this Court while the appeal from the judgment of Judge Gary was pending in this Court; and not until long after such appeal had been heard and determined and the case remanded to the Circuit Court for a new trial, and after such new trial had there been had. We shall not, therefore, undertake to consider whether the showing made upon the hearing of this motion, if made in time, would have been sufficient to warrant this Court in suspending the appeal in order to enable the plaintiff to

move for a new trial before the Circuit Court, upon the ground of after-discovered evidence. For these reasons this Court felt no hesitation in granting the order refusing the motion, which was filed on the 6th of January, 1898.